Day, C. J.
It is not disputed but that the plaintiff was entitled *42 to a decree, unless she is barred of her right of dower through the deed offered in evidence.
The deed on its face is void as against the plaintiff, because it was not executed in accordance with the laws of this state,.or of the state where it was made.
The statute in force authorizing a married woman to convey her interest in land, when this deed was made, was passed Februai-y 14, 1805; and, in addition to requiring her to execute such conveyance with her husband, expressly provided how this shall be done, in order to render the deed valid as against the wife. The duty of the officer taking the acknowledgment of the deed, and its effect, is defined in the second section:
“ He shall examine the wife, separate and apart from her husband, and shall read or otherwise make known the full contents of such deed or conveyance to said wife; and if, upon such separate examination, she shall declare that she did voluntarily, and of her own free will and accord, seal, and, as her act and deed, deliver the said deed' or conveyance, without any coercion or compulsion of her husband, every such deed or conveyance shall be and the same is hereby declared to be good and valid in law, to all intents and purposes, as if the said wife had been a sole and not covert at the time of such sealing and delivery, and the judge or justice taking such acknowledgment, shall, under his hand and seal, certify the same upon the back of the deed or conveyance.” 1 Chase’s Stat. 485.
A substantial compliance with the requirements of this section was essential to the validity of the deed against the wife. *Ward’s Heirs v. McIntosh, 12 Ohio St. 231; Browder v. Browder, 14 Ohio St. 589.
The certificate of acknowledgment wholly fails to show a compliance with the requisitions of this section, and the deed is, therefore, on its face, void as against the plaintiff.
This defect is not cured under the provisions of the statute rendering deeds valid, that are executed in accordance with the law of the state where they are made; for the acknowledgment before a justice of the peace was not authorized by the laws of the State of Kentucky, whei’e it was made.
It is, however, impliedly conceded by the defendants, that the deed is void as against tho plaintiff, by their counter-claim or cross-petition seeking the correction of the defects in the deed.
*43 It is claimed that relief may be had under the act of April 17 1857, by which the courts are “ authorized and empowered to correct, amend, and relieve against errors, defects, or mistakes occurring in the deed or other conveyance of any husband and wife, heretofore or hereafter to be executed, and intended to convey or incumber the lands or estate of the wife, or her right of dower in the lands of her husband, in the same manner and to the same extent as the said courts are or shall be authorized or empowered to correct errors, mistakes, or defects in the deeds or conveyances of any other persons.” S. & C. Stat. 694.
If it be conceded that courts have the power conferred by this statute, the question recurs, whether the defendants made a case that warranted its exercise.
The bill of exceptions purports to set forth “all the evidence offered in the cause;” and it undoubtedly does give all that it tended to prove.
Let it be assumed that the plaintiff signed and sealed the deed; still there was no proof that she acknowledged such signing and sealing, except the statement of a person having no legal authority to make such statement or certificate.
But suppose she did acknowledge all that is stated in the certificate of the justice, there is not upon the face of the deed, or in the evidence given on the trial, anything that in the least tends to show that she did so under the protection ^afforded to her by the statute. Without a compliance with the second section of the act before quoted, the acknowledgment was void, even though it was made before an officer authorized to make it; for it is only under these protecting provisions of the statute that the conveyances of married women are “ declared to be good and valid in law.”
Doubtless cases may occur, as in that of Goshorn v. Purcell, 11 Ohio St. 641, where the mistake may be apparent upon the face of the instrument; but there is nothing in this deed tending to show that anything was omitted to be inserted by mistake in the certificate of acknowledgment; or, if the plaintiff did acknowledge the execution of the deed “ for the uses and purposes therein contained,” there is surely nothing tending to show that she did so, or would have done so, “ separate and apart from her husband.”
To imply that these provisions of the statute, which are prerequisite to the validity of the deed, were complied with, without *44 any proof whatever, either upon the face of the deed or otherwise, would be a virtual repeal of the statute. But without such implication, there is no case shown by the record for the exercise of the power conferred by the act of 1857.
Relief can not ,be obtained under this statute, without showing that the provisions of the second section before mentioned were substantially complied with, or. at least showing that the wife executed the deed with a full understanding of its contents, voluntarily and without any restraint from her husband. There was a total want of proof to establish any fact of this kind, except what may be implied from the face of the deed, which is entirely insufficient to warrant the conclusion that she executed it without any restraint from her husband, much less that she did so under the statutory protection.
Judgment reversed, and cause remanded.
White, Welch, Brinkerhgee, and Scott, JJ., concurred.